# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                  **PLAINTIFF**

**v.**                 **CASE NO. 4:17-CR-00313-BSM-9**

**RICARDO RIVERA**                                                     **DEFENDANT**

## ORDER

Ricardo Rivera's motion to alter or amend the judgment [Doc. No. 928] is denied.

Rivera argues that his sentence should be reduced because defense counsel was ineffective during plea negotiations and sentencing. Mot. Alter or Am. J., Doc. No. 928. He bases this on counsel's failure to argue for a sentence reduction under U.S.S.G section 5G1.3(b). Specifically, Rivera argues that his sentence should be reduced by eighteen months for time served in a related case. Mot. Alter or Am. J. at 2.

In response, the government argues that defense counsel was not ineffective during plea negotiations because Rivera "received benefits from the plea agreement that far exceed the 18-month reduction he is seeking." Resp. Mot. Alter J, at 7, Doc. No. 953. The government also argues that the sentencing guidelines are advisory and therefore Rivera can not show that he would have received the reduction, even if it had been argued. *Id.*

The government is correct, defense counsel was not ineffective. Nothing indicates that the government would have entered the plea agreement if the eighteen month reduction would have been included. *See* Resp. Mot. Alter J. at 7. Moreover, the sentencing guidelines are not mandatory, so Rivera cannot show that he would have been given eighteen months

of credit even if counsel had argued for it.

    IT IS SO ORDERED this 6th day of October, 2020.

                                                        UNITED STATES DISTRICT JUDGE